IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,439-01






EX PARTE GABRIEL VILLEGAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-05-11905-A IN THE 79
TH JUDICIAL DISTRICT COURT


FROM JIM WELLS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance, and was sentenced to two years' state jail imprisonment, with no credit for pre-sentencing jail time. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to file a motion to have Applicant evaluated for competency or any other pre-trial motions,
failed to have the controlled substance tested or weighed, failed to provide any advice to his client,
or any defense to the charge. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of the indictment,
admonishments, plea agreement, and any other plea papers or transcripts of the plea hearing. The
trial court shall make findings of fact as to whether there was any indication that Applicant may not
have been competent to go to trial or enter a plea. The trial court shall make findings as to whether
Applicant was in jail prior to trial, and if so, whether he was unable to post bond due to indigence. 
If Applicant pleaded guilty pursuant to a plea agreement, the trial court shall make findings as to
whether Applicant waived the right to pre-sentencing jail time credit as an affirmative part of the plea
agreement. The trial court shall make findings as to whether counsel advised Applicant of the nature
of the offense, the rights he was waiving, and the consequences of the plea. The trial court shall make
findings as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 12, 2007

Do not publish